**STATE of Tennessee, Appellee,**

v.

**Larry JOHNSON, Appellant.**

Court of Criminal Appeals of Tennessee,
at Jackson.

Feb. 18, 1982.

Permission to Appeal Denied by
Supreme Court June 1, 1982.

A. C. Wharton, Jr., Shelby Co. Public Defender, Walker Gwinn, William C. Moore, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Rhona J. Cartwright, Asst. Atty. Gen., Nashville, Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant, Larry Johnson, appeals from a conviction of concealing stolen prop-erty valued at over $200 with a penitentiary sentence of not less than 3 years, nor more than 3 years and 6 months. The appellant presents issue attacking the sufficiency of the evidence and the trial court's instruction to the jury. We find no reversible error and affirm the judgment.

In the first issue, the appellant questions "whether there was strong circumstantial evidence that he was with the codefendant at the time of the taking or concealing of the property." The evidence established that during the early morning of June 30, 1980, Ms. Alice Sanders was awakened by what sounded like car doors or trunk lids slamming at the Elrod Service Station, which was located about a courtroom length from her apartment. She observed 4 black men rolling tires from the side of the service station and loading them into a Cutless automobile and an old white Cadillac, which was unique because it had a spare tire on the back. Ms. Sanders opened her door to get the license numbers of the vehicles but closed it when she was threatened by one of the men. She telephoned police who came to her house within 10 minutes "or quicker." The Cadillac and Cutless had left before the policemen arrived.

After the police talked with Ms. Sanders, they discovered that the service station had been burglarized. They were at the gas station waiting for it's owner when they saw an old white Cadillac with the unique spare tire on the back. After stopping the Cadillac, they found that the codefendant, Eric BoVan, was driving and that the defendant was a passenger. No more than 10 minutes elapsed from the time the officers talked with Ms. Sanders until they observed the Cadillac. Both occupants of the Cadillac had tire smudges and grease on their clothing and skin. Their hands, as well as the undersides of their arms, were dirty with grease and smudge. Tire smudges were on the trunk, both doors, door handles and the top of the Cadillac. There was a round indention on the backseat of the Cadillac about the size of an automobile tire.

BoVan and the defendant were immediately arrested; the time of arrest was 3:40 A.M.

One of the officers returned for Ms. Sanders and brought her to the nearby point where the Cadillac was stopped. She identified the Cadillac as the same one which was being loaded with automobile tires. She also testified that she observed the Cadillac at the service station on the day before. Ms. Sanders estimated that 20 minutes had elapsed from the time she saw the Cadillac at the service station being loaded with tires until she again observed it with the police officers.

The burglary was accomplished by breaking a side window in the service station. Approximately 140 or 150 tires were stolen, together with about 12 batteries and 1 case of oil.

The appellant did not testify but introduced proof that on the night of the burglary, after playing basketball, he caught a ride with BoVan. One witness testified that the appellant and BoVan left the ball court at approximately 2:30 or 3:00 o'clock A.M. on June 30. Another witness left the ball court at approximately 10:00 o'clock P.M. on June 29 and the appellant was there when the witness left. Another defense witness testified that he left the ball court about 3:00 A.M. and that the appellant and BoVan left about 30 or 40 minutes before he left. Another defense witness testified that the defendant and BoVan left the ball court between 1:00 o'clock A.M. and 3:00 o'clock A.M. Ms. Sanders did not look at a watch after being aroused and was uncertain of the time of the burglary; however, the evidence supports the inference that she observed the men loading tires approximately 20 minutes before the appellant's arrest at 3:40 A.M.

Whether the conviction is based upon direct or circumstantial evidence, the standard for appellate review is the same. We will not reverse unless we find that "the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Rule 13(e), T.R.A.P. We must view the evidence and all reasonable inferences therefrom in the light most favorable to the State. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). We find that the evidence summarized above meets the standard required by Rule 13(e), T.R.A.P.

The appellant next insists that reversible error was committed because the trial judge orally responded to a question asked him by the jury. The appellant was charged in a four-count indictment; the first count charged third-degree burglary, the second count charged larceny, the third count charged receiving stolen property and the fourth count charged concealing stolen property. In his main charge, the trial judge instructed the jury as to the law applicable to each count. The trial judge told the jury that they should first inquire if the defendant was guilty as charged in the first count. The court then stated:

"If you find the defendant not guilty of this offense, or if you have a reasonable doubt of his guilt of this offense, you will acquit him thereof, and then proceed to inquire whether or not he is guilty of grand larceny as charged in the second count of the indictment."

The court gave similar instructions with respect to the other counts.

The jury returned into court after beginning deliberation and asked the following question and received the oral response indicated:

"MR. FOREMAN: Yes, Your Honor, we have a question in arriving at a verdict, not as a matter of law or testimony but with regard to the procedure as spelled out going through the different counts of the Indictment from burglary to larceny, so on and so forth, such as, if we cannot find an unanimous agreement on the first count, say, just speaking here, if we had a 50–50 agreement/disagreement situation on the first count of the Indictment and say if we had an unanimous decision that we could make on the second count or something to that effect, do we, in fact, then find ourselves with a verdict on that count that we agree upon, or have we not yet arrived at a verdict in that we have not yet agreed completely

to or for or against the one count in which we had disagreement yet existing?

THE COURT: Well, the question actually is some—of course, I understand in the way that the charge reads that you first—you consider the first count and if you find the defendant—the State has not proved the case beyond a reasonable doubt or if you find him not guilty, then you go over to the second count. You understand that there will be one verdict, you understand, to the entire Indictment. That verdict will either be guilty of one of the counts in the Indictment or not guilty as to all counts of the Indictment, you understand that. So, it's really difficult for me to elaborate more on that, but you can—but if you have reached an unanimous verdict of guilty as to a count of the Indictment, then that would be your verdict as to all of the Indictment. If you have not, then you go on through the Indictment. And, of course, if you find the defendant not guilty as to all counts of the Indictment, then your verdict will be not guilty as to all counts of the Indictment. Do you understand what I'm saying."

The trial judge then reduced the question and his instruction to writing:

"Question: If jury could not reach unanimous verdict as to first count can they go on to second count.

INSTRUCTION: The jury can unanimously find the defendant guilty of any count of the indictment or not guilty of all counts."

■ The appellant argues that the response to the jury's question does not conform with Rule 30(c), Tennessee Rules of Criminal Procedure, and its predecessor, T.C.A. § 40–2516. This issue is not meritorious for two reasons: First, the written response to the question is in substantial compliance with T.C.A. § 40–2516; second, the charge or instruction required by law to be reduced to writing is only that which the court may have to say to the jury in regard to the principles of law applicable to the case and to the evidence. *Meeks v. State*, 519 S.W.2d 410 (Tenn.Cr.App.1974). The

instruction given was not in regard to a principle of law applicable to the case or applicable to the evidence. It was not necessary that it be reduced to writing.

The appellant also urges that the language used in the main charge is inconsistent with the language used in responding to the question. The appellant correctly observes that under the main charge, if the jurors could not agree with respect to the first count, then mistrials would necessarily result as to all counts. The trial judge erroneously instructed the jury that they should not consider a subsequent count until they acquitted the appellant of a previous count and that they should not consider counts subsequent to one which they found the appellant guilty. Also, the language employed by the trial judge in the supplemental instruction was erroneous; however, the error benefited the appellant. The correct instruction that should have been given is properly stated in Instruction 35.03, Tennessee Pattern Jury Instructions—Criminal:

"The crime charged in each count of the indictment is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each crime charged must be stated in your verdict."

■ If the jury had found the defendant guilty of two or more of the offenses defined in T.C.A. § 39–4217 and § 39–4218 (Larceny, Receiving and Concealing Stolen Property), a judgment of conviction could only have been entered for one of these offenses. T.C.A. § 39–4218. However, all four crimes for which the appellant was charged are separate and distinct offenses. *Meade v. State*, 530 S.W.2d 784 (Tenn.Cr. App.1975). We hold that a jury should consider all counts of an indictment and return verdicts as to all counts upon which they are able to agree, and to report to the court with respect to the counts upon which they are not able to agree. Though the instructions were erroneous in the respects

herein stated, the errors were advantageous to the appellant and were not prejudicial to him. Rule 36(b), T.R.A.P: *Sullivan v. State*, 513 S.W.2d 152 (Tenn.Cr.App.1974).

We affirm the judgment of the trial court.

WALKER, P. J., and O'BRIEN, J., concur.